IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OMEGA DUPONT, #245 810, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:10-CV-258-MEF |
| | )                      [WO] |
| KENNETH JONES, WARDEN, *et al.*, | ) |
| | ) |
|    Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Omega Dupont. On February 15, 2006, the Circuit Court for Pike County, Alabama, entered judgment against Petitioner on his conviction for attempted first degree robbery and nolle prossed the charge against him for shooting into an occupied vehicle. The trial court sentenced Petitioner to twenty years imprisonment. Petitioner filed a Rule 32 petition on June 18, 2007 which resulted in the voiding of his attempted robbery conviction. The trial court subsequently charged Petitioner with third degree robbery and shooting into an occupied vehicle to which Petitioner entered a plea of guilty on December 17, 2007. The trial court sentenced Petitioner to twenty years imprisonment for each conviction with fifteen years suspended and four years of probation. The sentences were directed to run concurrently. (*Doc. No. 12, Exhs. 1A-B, 2A-B*.)

Petitioner filed the instant application for habeas corpus relief on March 19, 2010. He contends that the trial court failed to award him the proper amount of jail credit on his

conviction for shooting into an occupied vehicle.  (*Doc. No. 1*.)

Respondents filed an answer in which they contend that Petitioner's habeas petition is due to be denied because his claim for relief is procedurally defaulted as he failed to present his claim to the state courts in accordance with the state's procedural rules and his claims are not capable of further presentation to the state courts due to state procedural rules. (*See Doc. No. 12*);  see *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Lambrix v. Singletary*, 520 U.S. 518, 523 (1997); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001) (2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n.9 (11th Cir. 2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). Specifically, Respondents maintain that Petitioner's contention that the trial court only awarded him 178 days of jail credit on his shooting into an occupied dwelling conviction rather than 595 days of jail credit was not exhausted properly in state court.  (*Doc. No. 12*.)

Petitioner took advantage of the opportunity granted to respond to Respondents' answer.  Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required.  Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## I. DISCUSSION

Respondents assert that Petitioner has procedurally defaulted his claim of trial court error with regard to the amount of jail credit to which he is entitled on his conviction for shooting into an occupied vehicle.  Notwithstanding any possible procedural default with

regard to this claim, Petitioner's claim is not reviewable in this federal habeas corpus proceeding because it presents purely a state law issue.

Federal habeas corpus relief is available only to correct constitutional injury. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). Such relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) (holding errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *McCullough v. Singletary,* 967 F.2d 530, 535 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."). In the absence of federal constitutional violations or allegations alleging such violations, federal habeas review of a state law claim is precluded *See Barclay v. Florida,* 463 U.S. 939, 957-58 (1983) ("Mere errors of state law are not the concern of this court ... unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted).

In accordance with these principles, Petitioner has not stated a claim on which federal habeas corpus relief may be granted. The trial court's alleged failure to award him the proper amount of jail credit on his twenty year split sentence, even if true, involves the Alabama courts' interpretation of Alabama law, and, thus, does not amount to a violation of any federal constitutional right to which Petitioner is entitled inasmuch as the claim involves the state's interpretation of its own laws.

Even if Petitioner's claim implicated a federal constitutional issue, his claim is without

merit. The undisputed evidence before the court reflects that the state courts determined that, in accordance with Ala. Code § 15-18-5, Petitioner had been granted the proper amount of credit for all time he served on his convictions for third degree robbery and shooting into an occupied vehicle. Specifically, Petitioner was arrested on July 4, 2004 on charges of first degree robbery and shooting into an occupied vehicle and later entered a guilty plea to attempted first degree robbery on February 15, 2006, the shooting offense having been nolle prossed. He accumulated 588 days of jail credit pending disposition of the charges.[1] Following his successful Rule 32 petition which resulted in the voiding of the attempted robbery conviction and his release from the attendant sentence on June 22, 2007, Petitioner was charged with first degree robbery and discharging a weapon into an occupied dwelling/vehicle. On December 17, 2007 he entered guilty pleas to third degree robbery and shooting into an occupied vehicle. On January 9, 2008 the trial court awarded Petitioner 178 days of jail credit on his convictions. Petitioner claims, however, that he is also entitled to additional jail credit in the amount of 595 days on his shooting into an occupied vehicle conviction for the time he served with respect to this offense from July 4, 2004 until February 22, 2005 when the charge was nolle prossed. As the state appellate court noted, however:

>   . . .§ 15 18-5, Ala. Code 1975, provides:
>
> "Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or

---

[1] Petitioner was also awarded 492 days of jail credit for time served after his initial plea on the attempted first degree robbery offense. (*Doc. No. 12, Exhs. 3D, 3G.*)

> district clerk on forms to be prescribed by the Board of Corrections."
>
> However, "[t]his statute does not suggest that the offender should receive credit for the same jail time more than once." Prichard v. State, 441 So. 2d 1052, 1053 (Ala. Crim. App. 1983).

(*Doc. No. 12, Exh. 3G*.)

It is clear from the unrefuted records that Petitioner received all the jail credit to which he was entitled under state law with respect to both his convictions. Accordingly, even if reviewable in the instant federal habeas proceeding, Petitioner's claim that he was not given the appropriate amount of jail credit on his conviction for shooting into an occupied vehicle is without merit.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Omega Dupont be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties may file an objection to the Recommendation on or before **October 29, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 15th day of October 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE